## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**GREGORY LEE CHEST**                                                               **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 3:07-CV-629-R**

**CHRISTIAN MISCAGNI et al.**                                      **DEFENDANTS**

### MEMORANDUM OPINION

The plaintiff, Gregory Lee Chest, filed a *pro se*, *in forma pauperis* complaint alleging violations of his civil rights, as well as claims arising under state law (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this action.

### I. SUMMARY OF CLAIMS

The plaintiff sues in their official capacities Christian Miscagni, Assistant Commonwealth Attorney, Misty D. Clark, public defender, and R. David Stengel, Commonwealth Attorney.[1] His claims concern his allegedly unconstitutional arrest and subsequent incarceration, which he alleges was illegally lengthened by the defendants and state court requiring him to undergo multiple mental evaluations, and during which he alleges he was accused of being an informant in front of other inmates. He alleges that in January 2005 he was told that his criminal case had been continued for him to be sent to the Kentucky Corrections Psychiatric Center (KCPC) for 30 days to undergo a mental health evaluation. He alleges that a state psychologist, Dr. Deland, evaluated him and told him that he would be transported back to Louisville Metro Department of Corrections because Dr. Deland believed that the state court

---

[1] The caption portion of his complaint only lists Miscagni as a defendant. However, in the appropriate portion of the complaint, Clark and Stengel are listed as defendants.

judge was using the mental health evaluation to lengthen his confinement. He states that while he was at KCPC he was asked by a security officer to become an informant. He further states that after a particular incident involving another inmate, a female security officer claimed in front of other inmates that she thought "'they put you in here to watch over me,'" and that another inmate claimed that the plaintiff had been brought in to KCPC as an undercover police officer. He states that a female security officer then explained to him that an inmate who looked a lot like him previously had been brought in to "bust" employees and inmates so they were going to "mess with" the plaintiff.

The plaintiff claims that his rights under the Fourteenth Amendment of the U.S. Constitution and under sections 14 and 15 of the Kentucky Constitution were violated. He asks for monetary damages and attorneys fees for "the studying over 3 years." He also checked on the form that he wants injunctive relief, but he does not specify what injunctive relief he wants.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a

light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

### *Constitutional claims against the prosecuting attorneys*

The plaintiff sues the defendant prosecutors in their official capacities. Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, because the plaintiff seeks money damages from these state officers in their official capacities, he fails to allege cognizable claims under § 1983. Moreover, the defendants are immune from monetary damages under the Eleventh Amendment. *See id.*[2] Additionally,

---

[2] The Court notes that recently another lawsuit brought by Plaintiff against, *inter alia*, Defendant Stengel was dismissed. *Chest v. Clayton, et al*, No. 3:07CV-626-C.

although he requests unspecified injunctive relief, it is apparent from his complaint that he already has been released from jail.

Because the plaintiff seeks monetary relief from defendants who are immune from such relief and there is no injunctive relief to be had, the Court will dismiss these claims pursuant to § 1915(e)(2)(B).

*Federal claims against public defender*

The plaintiff identifies Clark as his public defender. Public defenders are not liable to suit under § 1983 because public defenders do not act under color of state law when representing indigent clients in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (l981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). If plaintiff believes that he was unconstitutionally convicted as the result of ineffective assistance of counsel, he may raise this issue in a state court proceeding or on petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The allegations against Clark fail to state a cognizable § 1983 claim.

*State law claims*

The plaintiff also alleges that provisions of the Kentucky Constitution were violated by the defendants. Because the plaintiff's federal law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

## III. <u>CONCLUSION</u>

The Court will enter a separate order dismissing all of the federal claims with prejudice and the state-law claims without prejudice.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4413.009